UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRAVIS MAKI, | No. C 09-5082 SI (pr) |
|     Petitioner, | **ORDER FOR PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIM** |
|     v. | |
| JAMES D. HARTLEY, warden, | |
|     Respondent. / | |

## INTRODUCTION

Richard Travis Maki filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on three claims of ineffective assistance of counsel. Respondent has moved to dismiss on the ground that state court remedies had not been exhausted for one of the three claims. Petitioner has not opposed the motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for one of the claims and requires petitioner to choose how to deal with this problem.

## BACKGROUND

The petition challenges Maki's 2005 conviction in the Contra Costa County Superior Court for committing a lewd and lascivious act on a child under 14 years old. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. In his petition for review, he argued that trial counsel's failure "to assert petitioner's confidential marital communication privilege when his former

1 spouse prejudicially testified about the intimate details of their married life . . . constitute[d]
2 ineffectiveness." Resp. Ex. B at 11.  Maki also filed an unsuccessful petition for writ of habeas
3 corpus in the California Supreme Court.   In that petition, he argued that trial counsel provided
4 ineffective assistance in eliciting damaging testimony from his own witness and failed to request
5 a limiting instruction.  See Resp. Ex. D at 4.

6       In his federal petition for writ of habeas corpus, Maki asserted three claims of ineffective
7 assistance of counsel.  First, he contended that his counsel was ineffective in that he elicited
8 "extremely prejudicial evidence from his own witness" and compounded that problem by not
9 requesting limiting instructions.  Petition, p. 8.  Second, he contended that counsel was
10 ineffective in that he allowed Maki's ex-wife to testify.  Third, he contended that counsel was
11 ineffective in that he did not call Maki's son to testify.  (Although these were identified as the
12 three component parts of one ineffective assistance claim in the order to show cause, for present
13 purposes, it is clearer to refer to them as three separate ineffective assistance claims.)

## DISCUSSION

16       Prisoners in state custody who wish to challenge collaterally in federal habeas
17 proceedings either the fact or length of their confinement are required first to exhaust state
18 judicial remedies, either on direct appeal or through collateral proceedings, by presenting the
19 highest state court available with a fair opportunity to rule on the merits of each and every claim
20 they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c).

21       The court has compared the petition for review and the petition for writ of habeas corpus
22 filed in the California Supreme Court with the federal habeas petition to determine whether all
23 the claims in the latter were included in the former.  They were not.  Maki presented to the
24 California Supreme Court his first two claims (i.e., that counsel was ineffective in handling the
25 defense witness' testimony and Maki's ex-wife's testimony).  Those claims are exhausted.
26 However, Maki did not present to the California Supreme Court his claim that counsel was
27 ineffective in not calling his son to testify.   That third claim is unexhausted.

28

1    Maki's federal petition contains both exhausted and unexhausted claims and therefore is
2 a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005).  The court cannot
3 adjudicate the merits of a habeas petition containing any claim as to which state remedies have
4 not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982); cf.
5 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to
6 exhaust).

7    Due to a critical one-year statute of limitations on the filing of federal habeas petitions
8 under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. §
9 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed
10 petition to be time-barred) without giving Maki the opportunity to elect whether to proceed with
11 just his exhausted claims, or to try to exhaust the unexhausted claim before having this court
12 consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will
13 allow Maki to choose whether he wants to –

14    (1) dismiss the unexhausted claim and go forward in this action with only the exhausted
15       claims, or
16    (2) dismiss this action and return to state court to exhaust all claims before filing a new
17       federal petition presenting all of his claims, or
18    (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim
19       in the California Supreme Court.

20 Maki is cautioned that the options have risks which he should take into account in deciding
21 which option to choose. If he chooses option (1) and goes forward with only his exhausted
22 claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses
23 option (2), dismissing this action and returning to state court to exhaust all claims before filing
24 a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C.
25 § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if
26 the motion is granted) then must act diligently to file in the California Supreme Court, to obtain
27 a decision from the California Supreme Court on his unexhausted claim, and to return to this
28

3

1 court. And under option (3), this action stalls: this court will do nothing further to resolve the
2 case while petitioner is diligently seeking relief in state court.

3 In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed
4 habeas petitions.[1] The Court cautioned district courts against being too liberal in allowing a stay
5 because a stay works against several of the purposes of the AEDPA in that it "frustrates
6 AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of
7 the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas
8 proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior
9 to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate
10 when the district court determines there was good cause for the petitioner's failure to exhaust his
11 claims first in state court," the claims are not meritless, and there are no intentionally dilatory
12 litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid
13 indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as
14 necessary in state court, and 30 days to get back to federal court after the final rejection of the
15 claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.
16 / / /

---

[1] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

4

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 8.)

Petitioner must file no later than **January 14, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **January 14, 2011**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under King/Kelly to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claim, he may do so no later than **January 14, 2011**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claim.

IT IS SO ORDERED.

DATED: December 8, 2010

　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　United States District Judge